UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY HAMILTONHAUSEY,<br>　　　　Petitioner,<br>　　v.<br>UNKNOWN,<br>　　　　Respondent. | Case No. 18-cv-06457-SI<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. Nos. 1, 5 |

Jerry Hamiltonhausey, an inmate at San Quentin State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the decision of the Board of Parole Hearings ("BPH") finding him not suitable for parole. For the reasons discussed below, the petition will be dismissed.

**BACKGROUND**

Hamiltonhausey was convicted in 1993 in Alameda County Superior Court of second degree murder with use of a weapon. He currently is serving a sentence of 18 years to life in prison for the offense.

A parole hearing was conducted for Hamiltonhausey on September 13, 2017. At the conclusion of the hearing, the BPH panel found him not suitable for parole and recommended that his next parole hearing take place in five years. *See* Docket No. 1 at 158-71.

Hamiltonhausey filed habeas petitions in state courts to challenge the BPH's decision. The California Court of Appeal and the California Supreme Court summarily denied his petitions. Docket No.1 at 22, 24. Hamiltonhausey then filed this action.

**DISCUSSION**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citations omitted.) A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

In his federal petition, Hamiltonhausey alleges three claims: (1) his right to due process was violated because the BPH's decision lacks sufficient evidentiary support and fails to comport with state law regulations and guidelines; (2) the repeated denial of parole for him violates his Eighth Amendment right to be free from cruel and unusual punishment; and (3) the denial of parole violated his right to equal protection, apparently because he was given inconsistent recommendations at his parole hearings over the years. As will be explained below, none of the claims supports habeas relief for Hamiltonhausey.

<u>Due process claim</u>: For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. *See Cooke*, 562 U.S. at 220.

Hamiltonhausey does not dispute that he received those two procedural protections, and the record before this court plainly shows that he did receive them. In *Cooke*, the Court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement," *id.*, and the Ninth Circuit erred in holding otherwise. In light of the Supreme Court's determination that the constitutionally-mandated procedural protections do not include a requirement that there be some evidence (or any other amount of evidence) to support the parole

2

1  denial, the due process claim must be rejected. The state court's rejection of Hamiltonhausey's due
2  process challenge was not contrary to or an unreasonable application of *Cooke*.

He also urges that the BPH's failure to follow state regulations and guidelines violated his right to due process. Federal habeas relief is not available for an alleged state law error. *Cooke*, 562 U.S. at 219. He cannot make a state law claim into a federal one simply by attaching a "due process" label to it. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (litigant cannot "transform a state-law issue into a federal one merely by asserting a violation of due process"). There is no cognizable federal due process claim.

<u>Cruel and unusual punishment claim</u>: The Eighth Amendment's "Cruel and Unusual Punishments Clause prohibits the imposition of inherently barbaric punishments under all circumstances." *Graham v. Florida*, 560 U.S. 48, 59 (2010). "For the most part, however, the [Supreme] Court's precedents consider punishments challenged not as inherently barbaric but as disproportionate to the crime." *Id.* The Eighth Amendment contains a "narrow" proportionality principle – one that "does not require strict proportionality between crime and sentence," and forbids only "extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 59-60. "[O]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem v. Helm*, 463 U.S. 277, 289-90 (1983). Only in that rare case where a comparison of the gravity of the offense and the severity of the sentence leads to an inference of gross disproportionality does the court compare a petitioner's sentence with sentences for other offenders in the jurisdiction, and for the same crime in other jurisdictions, to determine whether it is cruel and unusual punishment. *Graham*, 560 U.S. at 60.

A sentence of life in prison, or 15-years-to-life in prison, for a murder does not lead to an inference of gross disproportionality and therefore does not amount to cruel and unusual punishment forbidden by the Eighth Amendment. *See United States v. LaFleur*, 971 F.2d 200, 211 (9th Cir. 1991) ("Under *Harmelin [v. Michigan*, 501 U.S. 957 (1991)], it is clear that a mandatory life sentence for murder does not constitute cruel and unusual punishment"); *cf. Solem*, 463 U.S. at 290 n.15 (discussing earlier case in which it had found the death penalty to be excessive for felony murder in the circumstances of a particular case; "clearly no sentence of imprisonment would be

3

disproportionate" for the felony murder of an elderly couple). Indeterminate life sentences for crimes less serious than murder also have been upheld by the Supreme Court. *See e.g., Ewing v. California*, 538 U.S. 11, 29-31 (2003) (upholding sentence of 25-years-to-life for recidivist convicted most recently of grand theft); *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (upholding sentence of two consecutive terms of 25-years-to-life for recidivist convicted most recently of two counts of petty theft with a prior conviction); *Harmelin*, 501 U.S. at 996 (upholding sentence of life without possibility of parole for first offense of possession of 672 grams of cocaine).

Hamiltonhausey's claim that the repeated denials of parole that have extended his incarceration to make it cruel and unusual punishment must be rejected. Even if he must spend the rest of his life in prison on his 18-to-life sentence for murder with personal use of a firearm, his continued imprisonment will not run afoul of the Eighth Amendment. Life imprisonment for second degree murder committed by an adult is not so disproportionate to the crime that it could be said to amount to cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution.

Equal protection claim: The Fourteenth Amendment's Equal Protection Clause provides that no state shall deny to any person "the equal protection of the laws." U.S. Const. amend. XIV. The Equal Protection Clause ensures that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985). The Constitution does not, however, require things that are different to be treated the same. *Plyler v. Doe*, 457 U.S. 202, 216 (1982).

Hamiltonhausey appears to contend that his right to equal protection has been denied because different BPH panels over the years have given him sometimes inconsistent recommendations as to activities and behaviors he should engage in to improve his parole prospects. *See* Docket No. 1 at 3-4. At his most recent hearing, the BPH panel recommended that Hamiltonhausey participate again in programs in which he already had participated. *See id.* Even with liberal construction, these allegations do not suggest an equal protection violation. Hamiltonhausey does not allege that he was treated differently from other similarly situated inmates, much less that he was treated differently for a discriminatory purpose. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) ("'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose

4

to discriminate against the plaintiff based upon membership in a protected class.'"); *Reeb v. Thomas*, 636 F.3d 1224, 1228 n.4 (9th Cir. 2011) (equal protection claim fails where petitioner "does not present any facts demonstrating that he was treated differently from others who were similarly situated to him"). The equal protection claim is dismissed.

Leave to amend has not been granted for any of the claims because it would be futile. It is the state of the law, not insufficiently alleged facts, that precludes relief for Hamiltonhausey.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner's *in forma pauperis* application is GRANTED. Docket No. 5.

## CONCLUSION

The petition for writ of habeas corpus is dismissed. The clerk will close the file.

**IT IS SO ORDERED**.

Dated: November 5, 2018

_____
SUSAN ILLSTON
United States District Judge